Date signed November 22, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| JEAN CLAUDE FOTSO : | Case No. 05-29843PM |
| BERTHE FOTSO : | Chapter 13 |
| a/k/a BERTHE NIETCHEU WANDJI : | |
| a/k/a BERTHE W. NIETCHEU : | |
| : | |
| Debtors : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

## MEMORANDUM OF DECISION

Creditors Carol Blair and Harold Blair ("the Blairs"), by their attorney, Walter T. Evans, Esquire, seek a protective order[1] from this court that the deposition of Mr. Evans not be taken. The matter came before the court for hearing as an emergency matter on November 15, 2006. After careful consideration of the facts presented and the arguments of the parties, the Motion for a Protective Order will be granted.

Debtors filed a bankruptcy case under Chapter 7 on September 2, 2005. This case was converted to a case under Chapter 13 on Debtors' motion by an Order of this court entered

---

[1] Debtor's opposition to the Motion for a Protective Order (D.E. 75) disputes the availability of a protective order and the applicability of Rule 26(c) made applicable to bankruptcy cases by Bankruptcy Rule 7026 to this case. Counsel, in filing this opposition, overlooked the significance of Bankruptcy Rule 9014 that makes Rule 7026 applicable in bankruptcy cases unless the court directs otherwise. No such direction has been entered in this court.

June 15, 2006.  Debtors' motion followed the filing of Adversary Proceeding No. 05-9069 by the Blairs on December 5, 2005, wherein the Blairs objected to the Debtors' discharge and the denial by Order entered March 22, 2006, of the Debtors' motion to disqualify Mr. Evans as attorney for the Blairs.  The record also reflects that on January 3, 2006, the Chapter 7 Trustee filed a statement of assets and notice to creditors to file claims.  With the conversion of the case to one under Chapter 13, the court conditionally dismissed the adversary proceeding by an Order entered June 28, 2006, subject to reopening on certain conditions, and, pursuant to 11 U.S.C. § 348(e), the appointment of the Chapter 7 Trustee was terminated.

  Jean Claude Fotso filed an Affidavit in the adversary proceeding on March 2, 2006, that describes the complaint against Mr. Evans, namely, that he had retained Mr. Evans on several occasions for such matters as traffic tickets, immigration matters, a used-car transaction, a personal injury claim, and an action dealing with a property line issue.  Mr. Fotso's affidavit asserts further that Mr. Evans represented him in connection with a transaction to buy a business from the Blairs.  Mr. Evans denies this, and the court finds no basis to find other than the fact that Mr. Evans represented the Blairs solely in the sale.  Debtors also complain that Mr. Evans disclosed personal and confidential information to the Chapter 7 Trustee and the United States Trustee.  The Debtors also filed a complaint with the Attorney Grievance Commission of Maryland that was dismissed.

  Nothing in this record justifies taking a deposition of counsel for the Blairs.  The court denied the motion to disqualify Mr. Evans in the adversary proceeding.  All of the information relied upon by the Blairs in prosecuting their claims against Debtors was obtained as a result of subpoenas issued in this civil action and in a prior state court action.  The court finds utterly no cause for the taking of the deposition of Mr. Evans other than to prolong the Debtors' complaint that Mr. Evans should not represent the Blairs.

  As pointed out in <u>Wright-Miller-Marcus</u>, *Federal Practice and Procedures* § 2102 (1994),

> The fact that the proposed opponent is an attorney, or even an attorney for the party to the suit, is not an absolute bar to taking his or her deposition . . . .  But the opportunity to take the deposition of opposing counsel may invite abuse.  As the Eighth Circuit observed, 'in recent years the boundaries of discovery have steadily expanded, and it appears that the practice of taking the deposition of opposing counsel has become an increasingly popular vehicle of discovery.  To be sure, the Federal Rules of Civil Procedure do not specifically prohibit the taking of

> opposing counsel's deposition . . . . We view the increasing practice of taking opposing counsel's deposition as a negative development in the area of litigation, and one that should be employed only in limited circumstances.'

*Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (CA8 1986). In *Shelton* the Eighth Circuit held that the depositions of opposing counsel should be limited to circumstances where the parties seeking to take the deposition have shown that: (1) no means exists to obtain the information other than to depose opposing counsel; (2) the information sought is relative and non-privileged; and (3) the information is critical to the preparation of the case. *See also, Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 (CA10 2001). Here, the information requested is the information obtained by counsel by subpoena, the information could be obtained through discovery of the Blairs, and there is utterly no showing that the information is critical. Encouragement of this type of deposition disrupts the adversarial system, lowers the standards of the profession, adds to the burdensome time and costs of litigation, and detracts from the quality of client representation. *Shelton, supra*.

An appropriate order will be entered.

cc:
Walter T. Evans, Esq., 966 Hungerford Drive, Suite 12A, Rockville, MD 20850
Richard S. Stolker, Esq., 110 N. Washington Street, Suite 320, Rockville, MD 20850
Lynn A. Kohen, Esq., United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**