Date signed May 08, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JEAN-CLAUDE FOTSO | : | Case No. 05-29843PM |
| BERTHE FOTSO | : | Chapter 7 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

This case comes before the court upon the Application of Richard S. Stolker and the law firm of Richard S. Stolker, P.A., former counsel for the Debtors, for an order authorizing compensation of fees and reimbursement of expenses advanced. Counsel seeks compensation in the amount of $12,177.50 and reimbursement of expenses in the amount of $346.69 and that these sums be allowed as a first priority under § 507(a)(1) of the Bankruptcy Code in effect at the time of the filing of the case. Counsel seeks allowance of compensation as an administrative expense under § 503(b) of the Bankruptcy Code. Because administrative expenses may not be allowed a Chapter 7 debtor's attorney, the period for which such expenses are allowable extends from June 15, 2006, through February 7, 2007, the period during which this case was a case under Chapter 13. This allowance is subject to any administrative priority under Chapter 7. 11 U.S.C. § 726(b). All of this is largely academic, because the Debtors paid $10,500.00 directly to Mr. Stolker. This decision is limited to what is allowable to counsel for his services rendered the Debtors while this case was under Chapter 13.

Debtors' bankruptcy case was originally filed by another attorney under Chapter 7 on September 2, 2005. Following the filing of a Complaint objecting to Debtors' discharge by the Chapter 7 Trustee, and the employment by the Chapter 7 Trustee of counsel, Debtors original

counsel filed a motion to withdraw because of irreconcilable differences with her clients. That motion was granted by an Order entered January 12, 2006. On June 12, 2006, Mr. Stolker filed a motion to convert this case to a case under Chapter 13 and thereafter filed Amended Schedules and an Amended Statement of Financial Affairs. The case was converted to Chapter 13 by Order of the court on June 15, 2006. While Mr. Stolker did not file a Statement of Compensation as required by Local Rule 2016-1(b) and Bankruptcy Rule 2016(b), the Amended Statement of Affairs disclosed at the answer to Question 9 a payment of $500.00 to him in May, 2006. The Statement did not disclose the $10,000.00 paid to him by the Debtors prior to that date, as it should have pursuant to 11 U.S.C. § 329(a). The court trusts that such an omission will never occur again.

In the course of the Chapter 13 portion of this case, confirmation of Debtors' Plan was bitterly opposed by a creditor, and the confirmation hearing was specially set for hearing apart from the regular Chapter 13 calendar. In due course, Debtors and the protesting creditor entered into a Stipulation and Settlement resulting in the filing of an Amended Plan, but, for reasons best known to themselves, the Debtors filed a motion to reconvert this case to a case under Chapter 7 that Mr. Stolker urged unsuccessfully to his clients was an ill-advised move and not to their best interests. The court reluctantly granted the motion to reconvert the case, noting in its Memorandum that this causes the worst of all results in a bankruptcy case, liquidation of Debtors' non-exempt assets, and quite possibly the denial of their discharge.

In the course of the hearing on Mr. Stolker's Application for compensation, Mr. Fotso appeared in support of the Application and stated that he had paid Mr. Stolker $14,000.00 in connection with the representation. The Debtor also expressed his absolute satisfaction with the quality of work rendered by Mr. Stolker. This is particularly relevant to this Application. As may be seen from Mr. Stolker's Supplement to his Application, the largest part of his bill is attributable to the defense of two adversary proceedings, both seeking the denial of Debtors' discharge. These are Adversary Proceeding No. 05-9069 filed by Carol Blair and Harold Blair, a Complaint objecting to Debtors' discharge, and a similar Complaint filed by the United States Trustee, Adversary Proceeding No. 05-9115. Those objections to discharge are set for trial on August 8, 2007.

During the pertinent period that this case was under Chapter 13, Mr. Stolker shows 25.5 hours devoted to the case. His hourly charge is $275.00, so if the Application is allowed in full, this would result in an allowance of $7,012.50. The difficulty with this exercise is that the

benefit of these services to the Debtors cannot be ascertained with any confidence in the correctness of the result until the determination of the adversary proceedings.  If discharge is denied, there is no benefit whatsoever to Debtors.  Likewise, of little benefit was the sojourn in Chapter 13, but Debtors' conversion of the case was their own idea and contrary to the advice of Mr. Stolker.  The court, as handicapped as it is in its determination of reasonable compensation, will give Mr. Stolker the benefit of the doubt, particularly since he faces the responsibility of a forthcoming trial.  The court will allow a Chapter 13 administrative expense of $6,850.00 to counsel, as well as reimbursement of out of pocket expenses of $346.69.

If the Chapter 13 Trustee is holding funds of the Debtors, he is to pay $2,024.19 to Mr. Stolker and refund the balance to the Debtors.[1]  The Trustee shall prepare and appropriate order to implement this decision.

cc:
Nancy S. Grigsby, C/13 Trustee, P.O. Box 958, Bowie, MD 20718
Richard S. Stolker, Esq., 110 N. Washington Street, #320, Rockville, MD 20850
Jean/Berthe Fotso, 131 Cabinwood Drive, Silver Spring, MD 20904
Janet M. Nesse, Esq., Former C/7 Trustee, 1150 18th Street, N.W., #800, Washington, DC 20036
Roger Schlossberg, Esq., C/7 Trustee, 134 West Washington Street,
    P. O. Box 4227, Hagerstown, MD 21741

**End of Memorandum**

---

[1] This calculation is reached by deducting the sums already received by Mr. Stolker from the amount sought by him in Docket Entry #132.