Date signed August 01, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 05-29843PM |
|---|---|
| **Jean-Claude Fotso aka Jean Fotso and Berthe Fotso aka Berthe Nietcheu Wandji aka Berthe W. Nietcheu,** | **Chapter 7** |
| Debtors. | |

### MEMORANDUM OF DECISION

Following the entry of the Memorandum of Decision on the fee application of Richard S. Stolker and the law firm of Richard S. Stolker, P.A. (Docket No. 133), an appeal was taken by Richard S. Stolker and the law firm of Richard S. Stolker, P.A. to the United States District Court for the District of Maryland.  That appeal was premature in that no order had been entered implementing the Memorandum of Decision, as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure.  This is apparent from the direction to the Chapter 13 Trustee at the end of the Memorandum of Decision to "prepare and (sic) appropriate order to implement this decision."  No such form of order was submitted, and no order was entered on Mr. Stolker's application.  In an effort to bring this matter to a conclusion, this court will implement the decision of  the District Court. The order accompanying this Memorandum of Decision is the final order on Mr. Stolker's application required by Rule 9021 of the Federal Rules of Bankruptcy Procedure.

What this court sought to do in its Memorandum was to give the Debtors credit for the direct payments made by them to Mr. Stolker, so that the Chapter 13 Trustee's duty was to pay $2,204.19 to him, the remaining sums allowed having been paid by the Debtors.  The court understands that

the Chapter 13 Trustee's payment has been made. The idea was that not to order the Chapter 13 Trustee to make duplicative payments to counsel. The court also made a slight diminution in the amount of the allowance to counsel because of the uncertainty of the benefit to the Debtors of all the services rendered for which compensation was sought.

Perhaps the most pressing concern to this court was the failure of Mr. Stolker to file the Statement of Compensation required by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure disclosing the compensation paid to him or promised to be paid. Because no such Statement was filed at the time he entered his appearance, Mr. Stolker also failed to comply with the requirements of Local Bankruptcy Rule 2016-1(b). Finally, the court was troubled by the answer to Question No. 9, on the Debtor's Amended Statement of Financial Affairs filed June 27, 2006 (Docket No. 42), as to payments made relating to debt counseling or bankruptcy. This Statement, prepared by Mr. Stolker and signed by the Debtors under oath, reflected that all that the Debtors paid him prior to the filing was $500.00 in May 2006. However, the Supplement to the Application for Compensation of Counsel and Reimbursement of Expenses Advanced (Docket No. 132) that he filed on April 19, 2007, disclosed for the first time that he had actually received $10,500.00 from the Debtors between January 24, 2006, and May 15, 2006.

An order will be entered allowing the compensation sought by counsel in accordance with the direction of the United States District Court for the District of Maryland.

cc:    Honorable Marvin J. Garbis
       United States District Judge
       101 W. Lombard St.
       Baltimore, MD 21201

       Jean-Claude Fotso aka Jean Fotso and Berthe Fotso aka Berthe Nietcheu Wandji aka
       Berthe W. Nietcheu,
       13101 Cabinwood Drive
       Silver Spring, MD 20904

       Richard S. Stolker
       110 N. Washington St., Suite 320
       Rockville, Maryland 20850

Chapter 13 Trustee, Nancy S. Grigsby
4201 Mitchelville Road, Ste. 401
P.O. Box 958
Bowie, MD 20718

Chapter 7 Trustee, Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, MD 21741-4227

Lynn Kohen, Esquire
Office of United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

**End of Memorandum of Decision**